UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| THOMAS BERNARD, ) | |
| ) | Civil Action No. 0:23-cv-26-CHB-CJS |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **REPORT AND RECOMMENDATION** |
| MOREHEAD POLICE DEPARTMENT, ) | |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on filings made by Thomas Bernard, a pretrial detainee in the Rowan County Detention Center ("RCDC"). (*See* R. 1; R. 4; R. 5). Pursuant to local practice, Bernard's filings have been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). Upon consideration, the undersigned concludes Bernard's initial filing (R. 1) was improvidently opened as a Petition Under 28 U.S.C. § 2254 and that the Court should abstain from addressing it and Bernard's second and third filings (R. 4; R. 5) and his requests for relief within these filings given the ongoing criminal proceeding against Bernard pending in state court. Therefore, it will be recommended that Bernard's filings (R. 1; R. 4; R. 5) **be dismissed without prejudice.**

I.     BACKGROUND

On March 4, 2022, a Rowan County, Kentucky grand jury returned an indictment charging Thomas Bernard with first-degree rape in violation of KRS § 510.040 and first-degree sexual abuse in violation of KRS § 510.110. *See Commonwealth v. Bernard*, No. 22-CR-00051 (Rowan Cir. Ct. 2022), available at https://kcoj.kycourts.net/CourtNet/Search/Index (last viewed December 5,

2024) (hereinafter "CourtNet").[1] Bernard appeared for arraignment and pleaded not guilty to the charges alleged in that state court indictment. *See* CourtNet. A jury trial is set to begin in Rowan Circuit Court on March 11, 2025, and Bernard is being held at RCDC as a pretrial detainee. *See id*.

While in pretrial detention at RCDC, Bernard sent documents to the Clerk's Office of this federal District Court. The first filing is a two-page handwritten letter addressed to the Department of Justice ("DOJ"), wherein Bernard requests an investigator be sent to RCDC. (*See* R. 1). He asks that a DOJ investigator explore allegations of corrupt practices among the local police department, sheriffs' office, child services office, and public defender's office. (*See id*.). According to Bernard, several of the individuals at the jail have the same attorney and have come to the conclusion that their attorney is "covering up the police's wrongdoing." (*Id*.). Other individuals have allegedly experienced threats from the police and/or the child services office, claiming that they have been threatened that their kids will be taken away from them if the children do not provide incriminating statements. (*See id*.). Bernard alleges that the endgame of the public defenders' office is to help "keep the county's conviction rate up." (*Id*.). This two-page letter was docketed by the Clerk as a new Petition for Habeas Corpus case under 28 U.S.C. § 2254.

Upon opening the new case, the Clerk of the Court forwarded to Bernard a "Pro Se Filer" packet in follow up to his handwritten letter. (*See* R. 3). Among the items in that packet is a standardized motion form that is left blank so that *pro se* filers can complete it and send it to the Clerk for filing if the pro se litigant has a specific motion request to bring before the Court. (*See id*. at Page ID 9). Bernard's second filing utilizes that motion form and is titled by Bernard as a

---

[1] The Court takes judicial notice of the state court record. *See Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record."). Proceedings in Bernard's pending state court case may be reviewed at the Kentucky Court of Justice's online eCourt portal. *See* https://kcoj.kycourts.net/CourtNet/Search/Index (last visited December 5, 2024).

"Motion for Writ of Habeas Corpus" (R. 4) and was docketed by the Clerk's Office as a Supplemental Petition to Bernard's initial handwritten letter filing (R. 1). In the supplemental filing, Bernard alleges that probable cause for his arrest dissipated before his arraignment, thus subjecting him to an illegal warrantless arrest. (*See id*.). Bernard further alleges that the police and the county attorney conspired against him. (*See id*.). Bernard requests to be released from pretrial detention on account of these allegations. (*See id*.). Bernard attaches to his filing the uniform citation and narrative report from the Kentucky officers who arrested him on the state charges. (*See* R. 4-1).[2]

Bernard's third and final handwritten filing is labeled "Previous discovery paperwork sent in from KyBris narrative from discovery." (R. 5). It alleges that following his arrest, law enforcement took Bernard to the police station and collected DNA evidence from his person. (*See id.*). Bernard argues that despite having invoked his right to counsel, law enforcement continued to question him, rendering his consent to provide DNA evidence involuntary. (*See id*.). Bernard attaches "previous discovery paperwork" detailing phone calls and emails Bernard has made to his public defenders while held at RCDC. (*See id*.). The filing appears to be offered by Bernard in support of his "Motion for Habeas Corpus."

## II.     DISCUSSION

Bernard's requests for relief directed to this Court are procedurally and substantively improper. He requests a DOJ investigator be sent to the detention center where he is currently confined to investigate allegations of government misconduct. (*See* R. 1). Bernard's request for

---

[2] These attachments provided by Bernard for filing are law enforcement investigative reports and information. The nature of the charges for which Bernard was indicted means that the investigation necessarily deals with sensitive information, including about a minor-age victim. This information should not be publicly available and therefore will be ordered sealed by the undersigned as a part of this Report and Recommendation.

3

relief is more appropriately addressed under 42 U.S.C. § 1983. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Notably, "[t]he Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under [42 U.S.C.] § 1983 and are not cognizable on habeas review." *Evil v. Whitmer*, No. 1:20-CV-343, 2020 WL 1933685, at *2 (W.D. Mich. Apr. 22, 2020) (collecting cases). Indeed, claims for habeas corpus relief and claims raised under § 1983 "are subject to different rules and requirements, and generally must proceed in separate cases." *Cox v. Nord*, No. 1:23-cv-324, 2023 WL 5917523, at *1 (S.D. Ohio Aug. 24, 2023) (citing *Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020)); *see also Fitts v. Snyder*, No. 2:12-CV-13575, 2014 WL 12775619, at *2 (E.D. Mich. June 11, 2014), *adopted*, 2014 WL 6473991 (Nov. 18, 2014). Thus, Bernard's initial letter filing is not cognizable on habeas review.

In addition, Bernard does not provide a basis of authority for this Court to order a DOJ investigation to occur at his detention facility. To the contrary, this Court exists independent of the DOJ, and it does not generally have the authority to order federal law enforcement officials to initiate criminal investigations. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (noting that authority is vested exclusively in the executive branch). Therefore, the Court should decline to recharacterize Bernard's filing as a civil rights action under 42 U.S.C. § 1983. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Erwin v. Edwards*, 22 F. App'x 579, 579-80 (6th Cir. 2001) (concluding that the district court "did not err in dismissing the § 2254 petition for lack of subject matter jurisdiction rather than construing the filing as a § 1983 suit," because "liberal

4

construction" of the *pro se* pleading did not require the district court "to conjure allegations on a litigant's behalf," and "a pleading must provide notice to the opposing party of the relief sought.").

In his second "supplemental" filing, Bernard seeks release from pretrial custody (*see* R. 4), a form of relief that is available to him on habeas review. *Whitmer*, 2020 WL 1933685 at *3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)) (noting the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). However, Bernard seeks relief under 28 U.S.C. § 2254, which requires entry of judgment before relief is available. *See Phillips v. Court of C.P., Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (emphasis in original) (noting that § 2254 "concerns habeas relief available to a subset of petitioners: those 'in custody *pursuant to the judgment of a State court* . . . .'") (quoting 28 U.S.C. § 2254(a)); *see also Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) ("Atkins' petition under § 2254 was improper, because that section applies only in post-trial situations. . . ."). Bernard's current detention does not arise out of a state-court conviction or judgment. Instead, he is being detained pretrial. Thus, Bernard's second filing requesting release from pretrial detention is improper under 28 U.S.C. § 2254 and could be dismissed on that basis alone.

To bring a cognizable claim on habeas review for release from *pretrial* detention, Bernard must travel down a different path, namely 28 U.S.C. § 2241. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (noting that "[i]nmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path.") (citing *Phillips*, 668 F.3d at 809). Given that Bernard is filing his Petition *pro se*, the Court could construe his second filing as a Petition for Writ of Habeas Corpus under § 2241. *See id*. at 647 ("In reviewing habeas applications, substance trumps forms. If the applicant is a pretrial detainee, we apply the § 2241

5

rules even if he brings a § 2254 application.") (citing *Christian v. Wellington*, 739 F.3d 294, 297-98 (6th Cir. 2014)).

However, even if the filing were construed as a petition under § 2241, Bernard's claim for relief is still improper. This Court has limited authority to consider pretrial § 2241 petitions:

> The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial.

*Whitmer*, 2020 WL 1933685, at *3 (citations omitted); *see also Eagan v. Carl*, No. 2:16-CV-155-WOB, 2016 WL 6403152, at *5 (E.D. Ky. Oct. 27, 2016) ("There are only two generally recognized claims available to state pretrial detainees in a § 2241 habeas corpus proceeding—denial of the right to a speedy trial and double jeopardy-based allegations."). Bernard's claim for relief does not fall within any of the "exceptional circumstances" and, to the extent he fails to state a cognizable § 2241 claim, his filing should be dismissed. *Whitmer*, 2020 WL 1933685, at *3.

In a similar vein, Bernard has not provided the state court with an opportunity to address his concerns. "[A] federal court should abstain from exercising its jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution." *Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL 3695386, at *3 (E.D Ky. July 24, 2014); *see Atkins*, 644 F.2d at 546 & n.1 (noting that "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner"); *see also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal court's authority to consider a habeas petition before a

6

judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances"). According to the state court docket, Bernard has filed motions for speedy trial and motions to suppress, all of which were filed *after* Bernard made the instant filings in the Eastern District of Kentucky. *See* CourtNet. The state must be given an opportunity to address Bernard's challenges prior to this Court intervening in the matter. *Lowe*, 2014 WL 3695386, at *3.[3] In addition, Bernard has not alleged, let alone demonstrated, that any barriers have prevented him from bringing those issues before the state court. Thus, it would be improper for this Court to inject itself into the state court criminal proceedings and order Bernard's release. *See e.g.*, *Eagan*, 2016 WL 6403152, at *4 (collecting cases where several divisions of the Eastern District of Kentucky have "abstained from meddling" in various aspects of a pretrial detainee's pending state court criminal proceeding).

In his third filing, Bernard appears to allege that the state police violated his constitutional rights when they obtained his DNA without his proper consent and continued to question him after he had invoked his right to counsel. (*See* R. 5). To the extent Bernard seeks to suppress the Commonwealth's evidence due to the alleged constitutional violations, given the present procedural posture, that challenge must be brought before the state trial court rather than this Court. As noted previously, it appears Bernard has done just that and has filed suppression motions in state court. *See* CourtNet. Thus, as noted previously, the state must be given an opportunity to

---

[3] Notably, it is not enough for Bernard to receive an adjudication of his motion to suppress from the state trial court; to receive review from a federal court, Bernard must proceed to trial and appeal the denial of the motion to suppress (assuming it was denied). *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system [such that] a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court. A necessary concomitant of *Younger* is that a party wishing to contest in federal court the judgment of a state judicial tribunal must exhaust his state appellate remedies before seeking relief in the District Court.") (cleaned up).

address Bernard's constitutional challenges before this Court intervenes. *Lowe*, 2014 WL 3695386, at *3. In addition, the Court declines to recharacterize Bernard's filing as a civil rights claim under 42 U.S.C. § 1983. *Martin*, 391 F.3d at 714; *see Erwin*, 22 F. App'x at 579-80.

In sum, Bernard's requests for relief are procedurally and substantively improper and the Court otherwise abstains from addressing any of his requests.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings for the United States District Courts, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Winburn v. Nagy*, 956 F.3d 909 (6th Cir. 2020) (holding § 2253(c) applies to "state pretrial detainees proceeding under § 2241"). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists would not debate the denial of Bernard's filings or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El*

8

*v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the District Judge's entry of a final order in this matter.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS ORDERED** that the Clerk of Court **shall seal** the attachments provided by Bernard with his second filing (R. 4-1).

In addition, for the reasons discussed above, **IT IS RECOMMENDED** that:

1) Thomas Bernard's filings (R. 1; R. 4; R. 5) **be dismissed without prejudice;**

2) a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and

3) this case **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 6th day of December, 2024.



Signed By:
Candace J. Smith
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\Habeas 1 form 2254\23-26-CHB Bernard R&R.docx