UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| THOMAS BERNARD, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:23-CV-26-CHB-CJS |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| MOREHEAD POLICE DEPARTMENT, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation (hereinafter, "Recommendation") of United States Magistrate Judge Candace J. Smith, [R. 6]. In the Recommendation, the Magistrate Judge addresses Defendant Thomas Bernard's three filings—the first filing was docketed as a § 2254 petition, [R. 1]; the second filing was docketed as a Supplemental Petition, [R. 4]; and the third filing was docketed as "previous discovery paperwork . . . ." [R. 5]; [R. 6]. The Recommendation was entered on December 6, 2024. [R. 6]. Neither party has filed objections to the Recommendation, and the matter is ripe for review. For the reasons set forth herein, the Court will adopt the Magistrate Judge's Recommendation, *id.*, and will dismiss Defendant's three filings without prejudice. [R. 1]; [R. 4]; [R. 5]. No certificate of appealability will issue.

In March 2022, Defendant was charged "with first-degree rape in violation of KRS § 510.040 and first-degree sexual abuse in violation of KRS § 510.110." [R. 6 (citing *Commonwealth v. Bernard*, No. 22-CR-00051 (Rowan Cir. Ct. 2022), available at https://kcoj.kycourts.net/CourtNet/Search/Index)]. Defendant is currently in pretrial detention at

1

the Rowan County Detention Center, and his jury trial in state court is scheduled for March 11, 2025. *Id.* at 1–2. On March 13, 2023, the Clerk's Office for this district court received a letter from Defendant requesting that the Department of Justice investigate various alleged wrongdoings "by [the] local police department, sheriffs' office, child services office, and public defender's office." [R. 1]; [R. 6]. This letter was docketed as a Petition for Writ of Habeas Corpus under § 2254. [R. 1]. The Clerk's Office then mailed Defendant a *pro se* filer packet with a standardized motions form, which Defendant filled out and mailed to the Clerk's Office. [R. 3]; [R. 4]; [R. 6, p. 2]. In this second filing, Defendant alleges that he was illegally arrested without a warrant and the police department and county attorney's office conspired against him; he also requests release from pretrial detention. [R. 4]; [R. 6, p. 3]. This second filing was docketed as a Supplemental Petition to Defendant's first letter. [R. 4]. Finally, Defendant submitted a third filing titled, "Previous discovery paperwork sent in from KyBris narrative from discovery." [R. 5]. This letter contends that the police officers interviewing him violated his *Miranda* rights after he asked for counsel, making any consent he gave to collect DNA evidence after he requested counsel "involuntary." [R. 5]; [R. 6, p. 3].

The Magistrate Judge reviewed the filings and determined that all three filings should be dismissed without prejudice. [R. 6, p. 9]. First, the Magistrate Judge found that the first filing "was improvidently opened as a Petition Under 28 U.S.C. § 2254," and it was more appropriately considered as a § 1983 claim since it involved claims about detention conditions. *Id.* at 3–4. As a result, Judge Smith determined that, because a § 1983 claim is not "cognizable on habeas review," Defendant's "initial letter filing is not cognizable on habeas review." *Id.* at 4 (quoting *Evil v. Whitmer*, No. 1:20-CV-343, 2020 WL 1933685, at *2 (W.D. Mich. Apr. 22, 2020)). Still, the court noted that it did not have the authority to order a DOJ investigation, and the defendant did not state

2

any basis that would give the court such authority, which advised against "recharacterizing" the letter as a § 1983 claim. *Id.* at 4–5. Next, Judge Smith determined that Defendant's request for pretrial release could not be brought under § 2254, since that statute requires "entry of judgment before relief is available." *Id.* at 5. Noting that this filing is more properly construed as a § 2241 motion since the defendant is a pretrial detainee, Judge Smith determined that Defendant's request would still fail because he failed to state a cognizable claim under § 2241, and his "claim for relief does not fall within any of the 'exceptional circumstances'" provided for by the statute. *Id.* at 6 (quoting *Whitmer*, 2020 WL 1933685, at *3). Relatedly, the court found that it should abstain from making a determination under § 2241 because the defendant "has not provided the state court with an opportunity to address his concerns." *Id.* Judge Smith stated that the defendant's motions related to these state charges had been filed after he sent the second filing to the Clerk's Office, and "it would be improper for this Court to inject itself into the state court criminal proceedings and order Bernard's release" before the state court had an opportunity to rule on the motions, without evidence of "any barriers [that] have prevented him from bringing those issues before the state court." *Id.* at 7. Finally, Judge Smith turned to the third filing, which also concerned challenges that Defendant has pending in state court concerning DNA evidence. *Id.* For much the same reason as stated above, Judge Smith acknowledged that the state court "must be given an opportunity to address [Defendant]'s constitutional challenges before this Court intervenes." *Id.* at 7–8. The court also noted that it would not reclassify this filing as a § 1983 claim either. *Id.* at 8.

Because reasonable jurists could not debate that denial of the motion is appropriate or conclude that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Magistrate Judge recommended that a certificate of appealability be denied. [R. 6, p. 8–9].

The Magistrate Judge's Recommendation advised the parties that any objections must be filed with fourteen days. *Id.* at 9. No objections have been filed, and neither party has sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 6**], is **ADOPTED**;

2. Defendant Thomas Bernard's three filings, [**R. 1**]; [**R. 4**]; [**R. 5**], are dismissed without prejudice;

3. No certificate of appealability will issue;

4. A separate judgment shall be issued contemporaneously with this Order.

This the 2nd day of January, 2025.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY